UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

HECTOR A VILLEDA-AGUSTIN,
Petitioner,

v.

JEREMY CASEY, in his official capacity as Warden of Imperial Regional Detention Facility, et al.,
Respondents.

Case No.: 3:26-cv-06056-RBM-VET

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Before the Court is Petitioner Hector Villeda-Agustin's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his immigration detention. (Doc. 1.) For the reasons below, the Court **GRANTS in part** the Petition.

## I. BACKGROUND

Petitioner, a citizen of Guatemala, entered the United States without inspection in or around 2014. (*Id.* ¶ 1.) He has lived continuously in Maryland since that time, "establishing family, residential, and community ties" and working "at the same company for the past 12 years." (*Id.* ¶¶ 16–18.) On August 10, 2026, Immigration and Customs Enforcement ("ICE") officers looking for a different noncitizen encountered Petitioner and

arrested him as he got into his car. (Doc. 4-1 at 3–4.) Petitioner is now detained at Imperial Regional Detention Facility. (Doc. 1 ¶ 7.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 36–66.) Respondents agree that Petitioner is detained under § 1226(a). (Doc. 4 at 1.) Even so, they argue, (1) the Petition is moot because "Petitioner is receiving the relief he is entitled to," and/or (2) the Court should require Petitioner to first exhaust administrative remedies. (*Id.* at 2–3.)

### A. Mootness

The Constitution limits federal courts' jurisdiction over actions to those that present live cases or controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005) ("Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot.") (citation omitted). "The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." *S. Or. Barter Fair v. Jackson Cnty.*, 372 F.3d 1128, 1134 (9th Cir. 2004). "That burden is always heavy, as a case is not moot where any effective relief may be granted." *Wild Wilderness v. Allen*, 871 F.3d 719, 724 (9th Cir. 2017) (citation modified).

Because it can provide "effective relief" to Petitioner, the Court finds that the Petition is not moot. *See Jackson Cnty.*, 372 F.3d at 1134; *accord Cortez Trujillo v. Marquardt*, Case No.: 3:26-cv-04665-LEK-MSB, 2026 WL 2906033, at *2 (S.D. Cal. Sept. 25, 2026) ("The mere fact that a bond hearing **can be** scheduled is insufficient to carry Respondents' heavy burden to establish that the Petition is moot at this time." (emphasis in original)); *Lyu v. Janecha*, Case No. 5:26-cv-05051-MBK, 2026 WL 2681631, at *2 (C.D. Cal. Sept. 13, 2026) ("Respondents provide no authority that a bond hearing moots a habeas petition seeking the petitioner's release.").

**B. Exhaustion**

Habeas claims are accompanied by a prudential exhaustion requirement. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Exhaustion is prudentially required where:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
> (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
> (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (citation modified).

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted administrative remedies.'" *Hernandez*, 872 F.3d at 988 (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). But a district court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citations omitted).

Petitioner argues that the exhaustion requirement should be waived because "continued detention imposes an ongoing deprivation of his fundamental liberty interest, and further administrative proceedings would not necessarily provide timely or effective

relief from the constitutional violations alleged." (Doc. 1 ¶ 15; Doc. 5 at 5–7.) The Court has previously noted its agreement with the general proposition that detention alone is not an irreparable injury sufficient to waive exhaustion. *See Musheer v. LaRose*, Case No.: 3:26-cv-01780-RBM-MSB, 2026 WL 2041674, at *4 (S.D. Cal. July 14, 2026) (citing *Reyes v. Wolf*, No. C-20-033-JLR, 2021 WL 662659, at *3 (W.D. Wash. Feb. 19, 2021), *aff'd sub nom. Diaz Reyes v. Mayorkas*, 2021 WL 3082403 (9th Cir. July 21, 2021)). The Court concludes similarly here.

However, the Court also finds "that, in this instance, [requiring] such exhaustion puts form over substance and would unnecessarily delay a remedy that Respondents concede is currently available to Petitioner." *Cortez Trujillo*, 2026 WL 2906033, at *2. It is undisputed that Petitioner has not yet received a bond hearing, and that he is entitled to one under § 1226(a). Therefore, the Court will order that Petitioner receive a bond hearing.

## IV. CONCLUSION

For the above reasons, the Petition (Doc. 1) is **GRANTED in part**. Accordingly:

1. Respondents are **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge **within seven (7) days** of entry of this Order—unless the noncitizen requests a continuance—to determine whether his continued detention is warranted.
2. The noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight.[1] If the noncitizen does not request a continuance, and no hearing occurs **within seven (7) days** of entry of this Order, Petitioner shall be released from Respondents' custody.
3. If the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[2]

---

[1] *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

[2] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

4. On or before **November 18, 2026**, Respondents **SHALL FILE** a status report indicating whether Petitioner received a bond hearing, and the outcome of that bond hearing.

**IT IS SO ORDERED.**

DATE: November 4, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE